UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES LYONS,

                Plaintiff,

-against-

SADE CAPITAL,

                Defendant.

25-CV-6627 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Charles Lyons, who resides in Decatur, Dekalb County, Georgia, brings this *pro se* action invoking the court's federal question and diversity of citizenship jurisdiction. Plaintiff alleges Defendant Sade Capital breached a contract to repair damage caused by mold at an apartment in Peachtree Corners, Gwinnett County, Georgia. For the following reasons, this action is transferred to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiff alleges that Defendant Sade Capital resides in New York, New York, this court is a proper venue for this action under Section 1391(b)(1). In addition, because

Plaintiff's claims arise from Defendant's alleged breach of a contract to repair damage to real property in Peachtree Corners, Gwinnet County, Georgia, which lies within the Northern District of Georgia, *see* 28 U.S.C. § 90(a)(2), the United States District Court for the Northern District of Georgia is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred, and the real property at issue is located, in Peachtree Corners, Gwinnett County, Georgia, within the Northern District of Georgia. It is reasonable to expect that relevant documents and witnesses also would be located in that judicial district. Furthermore, this Court has previously transferred a similar action filed by Plaintiff in this court to the Northern District of Georgia,[1] and Plaintiff has filed several other actions in that district arising from the same

---

[1] *See Lyons v. Sade*, No. 24-CV-8082 (LTS) (S.D.N.Y. (Dec. 4, 2024) (action transferred

series of events.[2] The Northern District of Georgia appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of Georgia. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2025
         New York, New York

/s/ Laura Taylor Swain<br>LAURA TAYLOR SWAIN<br>Chief United States District Judge

---

to the Northern District of Georgia).

[2] *See Lyons v. Sade*, No. 1:24-CV-5804 (N.D. Ga. Mar. 12, 2025) (action, transferred from Southern District of New York, dismissed for lack of subject matter jurisdiction); *Lyons v. US Living LLC*, No. 1:24-CV-0033 (N.D. Ga. Mar. 27, 2024) (dismissed as frivolous); *Lyons v. Elite Street Capital LLC*, No. 1:22-CV-1991 (N.D. Ga. May 24, 2022) (dismissed for failure to effectuate service); *Lyons v. Elite Street Capital Properties*, No. 1:21-CV-2969 (N.D. Ga. July 29, 2021) (same).